[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 29, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-10968
Non-Argument Calendar

----------------------------------------

Agency Nos. A95-228-618
& A95-228-619

MICHEL OROZCO-NIETO,
CLAUDIA PATRICIA VALLEJO-RODRIGUEZ,
DIANA C. CHARRA-VALLEJO,

                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

----------------------------------------------------------------

**(January 29, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Petitioner Michel Orozco-Nieto, his wife Claudia Patricia Vallejo-Rodriguez, and their daughter Diana Charra-Vallejo, all natives and citizens of Colombia, petition for review of the affirmance by the Board of Immigration Appeals ("BIA") of the decision of the immigration judge ("IJ").[1] The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[2] No reversible error has been shown; we deny the petition.

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id.

An alien may obtain asylum if he is a "refugee": a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including

---

[1] Orozco-Nieto included his wife and daughter as derivatives in his asylum application. We refer only to Orozco-Nieto in this opinion; but our decision about Orozco-Nieto also applies to his wife and daughter.

[2] On appeal, Orozco-Nieto does not offer argument on the denial of CAT relief; therefore, this claim is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons issue by failing to offer argument on that issue).

political opinion and membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Al Najjar, 257 F.3d at 1284.

In denying Orozco-Nieto's asylum application, the IJ made an adverse credibility determination about Orozco-Nieto, which was affirmed by the BIA. Orozco-Nieto now challenges the BIA's affirmance of the adverse credibility finding. Although the BIA explained that the adverse credibility determination "was supported by at least 13 instances of omission, discrepancy, and implausibility," Orozco-Nieto addresses only these two reasons for the adverse credibility determination: (1) the inconsistent description between his asylum application and his testimony about an incident where he allegedly was hit by a car being driven by members of the Revolutionary Armed Forces of Colombia ("FARC"), and (2) Orozco-Nieto's failure to provide information in his asylum application about his claim -- raised for the first time at his asylum hearing -- that he was raped during an attack by the FARC. We consider each argument in turn.

We review an adverse credibility determination under the substantial

evidence test; and we will not substitute our judgment for that determination.[3] D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 818 (11th Cir. 2004); see also Forgue, 401 F.3d at 1287 ("Once an adverse credibility finding is made, the burden is on the applicant alien to show that the . . . credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence."). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1255 (11th Cir. 2006).

Here, substantial evidence supports the adverse credibility determination made against Orozco-Nieto. At his asylum hearing, Orozco-Nieto submitted a written statement explaining that, when he worked for an alarm company in Colombia, he was the victim of a hit-and-run incident while on assignment for his job. According to Orozco-Nieto, he was struck by a car, which fractured his leg; and he later received a call from the FARC claiming responsibility for the incident. But Orozco-Nieto's asylum application, which discussed his employment with the alarm company, did not mention this hit-and-run attack; and

---

[3]An IJ must make explicit credibility determinations, see Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005); and the IJ did so in this case. In addition, because Orozco-Nieto's written testimony and oral statements made during his hearing were the only evidence of persecution that he offered, an adverse credibility determination would be "sufficient to support the denial of [his] asylum application." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

the asylum officer's detailed report on Orozco-Nieto, which also addressed his work for the alarm company, did not describe a hit-and-run accident. In addition, Orozco-Nieto did not raise the hit-and-run incident during his testimony on direct examination; and even after the IJ asked him if "anything else" happened besides the events described during his testimony, Orozco-Nieto made no mention of the hit-and-run accident. Orozco-Nieto did not address this issue until the IJ specifically questioned him about it.[4]

Besides Orozco-Nieto's omissions about the car accident, he provided inconsistent information about an incident that occurred in 2001. At his hearing, Orozco-Nieto testified that, on 12 June 2001, he was kidnapped, beaten, and raped by members of the FARC. But Orozco-Nieto's asylum application contained no mention of this incident at all. Also, according to the asylum officer's report, Orozco-Nieto described a kidnapping that occurred in <u>May</u> 2001; but the report did not indicate that Orozco-Nieto had discussed being beaten or raped during this encounter. And the supplement supplied by Orozco-Nieto at his asylum hearing asserted that he had been beaten by the FARC and escaped by jumping off a cliff

---

[4]On appeal, Orozco-Nieto contends that the person who prepared his asylum application omitted the hit-and-run incident from the application, even though Orozco-Nieto had described the accident. But this explanation does not address why Orozco-Nieto failed to mention the car accident during his hearing testimony until the IJ asked him about it.

but did not report that he had been raped. Therefore, the written statement presented by Orozco-Nieto at his asylum hearing was not consistent with his testimony given during the hearing.[5]

In sum, because the adverse credibility finding against Orozco-Nieto is supported by substantial evidence, and because Orozco-Nieto did not provide corroborating evidence establishing past persecution or a well-founded fear of future persecution on account of a protected ground, we will not disturb the BIA's affirmance of the IJ's decision denying Orozco-Nieto asylum. Orozco-Nieto also has failed to meet the higher burden of proof required for withholding of removal. See Al Najjar, 257 F.3d at 1292-93.

Based on the foregoing, we deny the petition for asylum and withholding of removal.

PETITION DENIED.

---

[5] And we note that, in response to questioning from the IJ, Orozco-Nieto denied seeking medical treatment after the June 2001 attack. On appeal, Orozco-Nieto has not challenged the IJ's finding -- cited with approval by the BIA -- that it was implausible that Orozco-Nieto would not obtain medical help after being beaten and raped and then escaping his attackers by jumping off a cliff.